VAN NORTWICK, Judge.
Ronald R. Robinson (the Husband) appeals a final judgment of dissolution and contends, among other things, that the trial court erred in awarding Sonya L. Robinson (the Wife) custody of one of the Robinson’s minor children when the Wife had neither filed a pleading requesting custody nor pro *1031 vided notice that she would seek custody at the final hearing. It is reversible error for the trial court to grant relief which is not properly requested and for which no prior notice is given. Giant v. Giant, 651 So.2d 123 (Fla. 1st DCA), rev. denied, 662 So.2d 932 (Fla.1995), petition for certiorari filed (December 15, 1995) (No. 95-7174). Accordingly, we reverse.
In April 1994, the Husband, acting pro se, filed a petition in Duval County Circuit Court for dissolution of the parties’ marriage, together with a financial affidavit and affidavit under the Uniform Child Custody Jurisdiction Act. In the petition the Husband requested division of the parties’ assets and debts and sought custody of the parties’ two minor children (a 13 year old son and a 4 year old daughter), alleging that the children were presently in his custody and that the Wife was not fit to have residential custody because of her alleged drug use. The Wife, who had moved to Miami, did not answer and a default was entered. .
A final hearing was held on December 16, 1994, at which the parties represented themselves. Although the Wife did not move to set aside the default, did not file any pleadings requesting custody or child support, and did not provide any notice that she intended to appear and seek custody, she appeared at the December 16 hearing and requested custody of the parties’ four year old daughter. The trial court heard testimony from both parties. Subsequent to the hearing, on December 20, 1994, the Wife faxed a handwritten letter to the trial judge presenting additional arguments in support of her custody request. The Husband was not provided with a copy of the letter.[1] On December 29, 1994, the trial court entered the final judgment for dissolution awarding custody of the parties’ son to the Husband and custody of their daughter to the Wife and ordering the Husband to pay the Wife $400 per month child support for the parties’ daughter. Thereafter, the Husband obtained counsel and filed a motion for rehearing, which was denied. This appeal followed.
This case exemplifies the difficulties frequently faced by trial courts in adjudicating a rapidly increasing quantity of contested domestic matters in which the parties are self-represented.[2] A trial judge hearing a contested matter involving self-represented parties is placed in the ethical quandary of attempting to ensure that each pro se litigant is not disadvantaged because of his or her lack of knowledge of the law and procedure and, at the same time, serving as the neutral decision-maker in an adversarial system.[3] Here, the trial court conscientiously attempted to adjudicate the issues between these pro se litigants. Unfortunately, the Wife failed to file any pleadings which requested the relief granted. On appeal, the Husband, now represented by counsel, complains that he was without notice that any custody and support issues would be in dispute at the final hearing and was disadvantaged by the trial court proceeding to grant relief without prior notice that these issues would be heard. Although we have great empathy for the difficulties with which this trial court was faced, because the process followed below denied the Husband any prior notice that the custody and support matters would be at issue at the final hearing, we are constrained to reverse under Giant.
Accordingly, the final judgment is reversed and this cause is remanded for further proceedings. On remand, the trial court shall determine if the wife is entitled to set aside the default which was entered against her and, if so, shall then determine the issues of child custody, child support, and the other matters of equity between the parties.[4]
MINER and WOLF, JJ., concur.

. The letter was discovered in the court file by the Husband's counsel in connection with her preparation for this appeal.

. See e.g., Robert B. Yegge, Divorce Litigants Without Lawyers, 33 No. 2 Judges' J. 8 (1994).

. See, generally, Bruce D. Sales, Connie J. Beck & Richard K. Haan, Is Self-Representation a Reasonable Alternative to Attorney Representation in Divorce Cases?, 37 St. Louis U.L.J. 553 (1993).

.We include within this remand the issue of equitable distribution of the husband's military retirement, as the final judgment does not comply with section 61.075(3), Florida Statutes (1993).